# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings<br>Under Chapter 13 |
| KEVIN B. LUNN | |
| | Case No. 21-30216 |
| Debtor(s). | |
| KEVIN B. LUNN | |
| Plaintiff(s), | |
| | Adversary No. 22-3007 |
| v. | |
| BEVERLY LUNN | |
| Defendant(s). | |

## OPINION

This case presents the issue of whether the Debtor may avoid the fixing of a judicial lien securing his former spouse's equity award in the parties' marital residence pursuant to 11 U.S.C. § 522(f)(1)(A).

## FACTS

The following facts are not in dispute. On September 12, 2016, Debtor Kevin Lunn ("Debtor" or "Petitioner") initiated divorce proceedings in the Clinton County Circuit Court ("Circuit Court") against his then spouse, Beverly Lunn ("Defendant" or "Respondent"). There has been *extensive* litigation in the state court proceeding regarding the division of the parties' marital assets, including the parties' marital residence located at 219 North Third Street, New Baden, Illinois. On August 16, 2019, the Circuit Court entered an Amended Judgment of Dissolution of Marriage which contained the following provision:

> C. That the Petitioner is awarded the marital residence and the parties are ordered to split the equity of $46,000.00, which is $23,000.00 awarded to each party. The

1

> Petitioner is further ordered to take all reasonable efforts to refinance same and remove Respondent from the mortgage indebtedness as soon as possible. Upon Respondent receiving one-half of the equity and Petitioner refinancing same, the Respondent shall execute a Quit Claim Deed to the marital residence.

*See* Defendant's Proof of Claim 8-2, Exhibit A, p. 4.

A Memorandum of Judgment was not entered as to the equity award, nor did the Defendant record a lien evidencing this interest. However, on August 4, 2021, the Circuit Court clarified that its August 16, 2019 judgment created a lien against the marital residence to secure payment of the Defendant's equity award. Its docket entry order provided in pertinent part:

> this court finds that page 4, paragraph C [of the August 16, 2019 judgment] did create a lien against the marital residence to secure payment of debtor's obligation to creditor…; this court further finds that the attorney fee award of $7,500 did not create a domestic support obligation, rather it was part of the division of marital assets….

*Lunn v. Lunn*, Case No. 16-D-71, Docket Order (Clinton Co. Circuit Ct., August 4, 2021) (www.judici.com). *See also Defendant's Brief*, BK 21-30216, ECF Doc. 190 at p. 3.

On March 31, 2021, Debtor filed the instant Chapter 13 proceeding.[1] The Defendant filed a proof of claim on May 19, 2021 in the amount of $23,000.00 representing her equity interest in the marital residence (Claim 8-1).[2] The claim indicated that it was fully secured by the Circuit Court's August 16, 2019 Amended Judgment for Dissolution of Marriage. Despite this, however, the Debtor's petition classified the Defendant as an unsecured creditor and her claim was not addressed in his original Chapter 13 Plan.

On March 25, 2022, the Defendant filed the instant adversary complaint pursuant to 11 U.S.C. § 522(f)(1) to avoid the Defendant's lien in the residential equity award. The Defendant filed an answer denying the allegations and requesting that the requested relief be denied. The

---

[1] The Court notes that this is actually the Debtor's second Chapter 13 bankruptcy filing. His first petition was filed on December 18, 2019. The Debtor voluntarily dismissed that case on October 6, 2020.
[2] These claims have subsequently been amended to reflect post-judgment interest owed.

Court notes as a procedural matter that this action should have been brought as a motion pursuant to Federal Rules of Bankruptcy 4003(d) and 7001(2). However, because this filing error neither impacts the rights of the parties in this case nor changes the Court's analysis, the Court will merely construe the adversary complaint as a motion to avoid judicial lien pursuant to 11 U.S.C. § 522(f)(1)(A).

## DISCUSSION

Section 522(f) of the Bankruptcy Code provides, in pertinent part:

(f) (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled…, if such lien is—

    (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5).

\* \* \*

(2) (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of---

    (i) the lien;
    (ii) all other liens on the property; and
    (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(1)(A). A "judicial lien" is defined by the Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

In his motion, the Debtor alleges that as of the date of the filing of the petition, the fair market value of the marital residence was $83,200.00 and that J.P. Morgan Chase Bank, N.A.

3

holds a $64,712.56 mortgage on the property.[3] He asserts that the Defendant's judgment lien, which is now $26,856.44 with judgment interest, impairs his $15,000.00 homestead exemption pursuant to 735 ILCS 5/12-901, and is, therefore, subject to avoidance.

In order to avoid a lien under § 522(f), a debtor must satisfy three (3) requirements: (1) the lien must be a judicial lien; (2) the lien must impair an exemption to which the Debtor is entitled; and (3) the debtor must possess the property interest to which the lien fixed, prior to the fixing of the lien on that property interest. *In re Hart*, 50 B.R. 956, 960 (Bankr. Nev.1985). There is no dispute that the Debtor's equity award constitutes a judicial lien. Throughout this proceeding, the parties have focused solely on the issue of whether the Defendant's lien impairs the Debtor's homestead exemption. However, the relevant consideration in this case—which was completely ignored by the parties—is whether the Debtor possessed a property interest, to which the Defendant's lien fixed, prior to the fixing of the Defendant's lien.

The application of §522(f)(1) to "divorce liens" was addressed by the United States Supreme Court in *Farrey v. Sanderfoot*, 500 U.S. 291, 114 L.Ed. 337, 111 S.Ct. 1825 (1991). In that case, petitioner Jeanne Farrey and respondent Gerald Sanderfoot divorced after twenty years of marriage. Pursuant to the divorce decree, Sanderfoot was awarded sole title to the parties' marital residence, which the parties had held in joint tenancy. He was also awarded other real estate and most of the parties' personal property. In order to achieve a more equitable division of the marital assets, the state court awarded Farrey certain other personal property and ordered Sanderfoot to pay her approximately $29,000.00, which represented half of the difference in the value of the parties' net assets. In order to secure this obligation, the divorce decree granted Farrey a lien against Sanderfoot's real property in the total amount due and further stated that

---

[3] In addition, the Defendant alleges that the property has sustained water damage to the basement which will require at least $31,013.10 in repairs.

said lien would remain attached to the real estate until the total amount owed to Farrey was paid in full. *Id.* 500 U.S. at 293, 111 S.Ct. at 1827.

Sanderfoot subsequently filed Chapter 7 bankruptcy without paying any of the amounts owed to Farrey. He then moved to avoid her lien pursuant 11 U.S.C. § 522(f)(1) on the grounds that it impaired his homestead exemption. Although the bankruptcy court denied Sanderfoot's motion, on appeal, the district court reversed, concluding that the lien was avoidable because it "fixed on an interest of the Debtor in the property." *In re Sanderfoot*, 92 B.R. 802, 803 (E.D. Wis. 1988). The district court was affirmed by a divided panel of the Seventh Circuit Court of Appeals, which reasoned that the divorce proceeding "dissolved" any pre-existing interest that Ms. Farrey may have had in the marital residence and that her new interest, created by the divorce decree and evidenced by her lien, attached to Sanderfoot's interest in the property. 899 F.2d 598, 602-03 (7th Cir. 1990).

The Supreme Court unanimously rejected the Seventh Circuit's interpretation and reversed, holding that Section 522(f)(1) "requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of a lien on that interest." *Sanderfoot*, 500 U.S. at 298, 111 S.Ct. at 1830. The Court explained that § 522(f)(1)

> does not say that the debtor may *undo* a lien on an interest in property. Rather, the statute expressly states that the debtor may avoid 'the fixing' of a lien on the debtor's interest in property. The gerund 'fixing' refers to a temporal event. That event—the fastening of liability—presupposes an object onto which the liability can fasten. The statute defines this pre-existing object as 'an interest of the debtor in property.' Therefore, unless the debtor had the property to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1).

*Id*. at 296, 111 S.Ct. at 1829 (emphasis added).

The Court then looked to state law in order to determine whether Mr. Sanderfoot ever possessed an interest to which the lien fixed, before it fixed. The parties in *Sanderfoot* agreed

5

that relevant Wisconsin law, the divorce decree extinguished the parties' preexisting undivided one-half interests in the property and awarded the property to Sanderfoot "'free and clear' of any claim 'except as expressly provided [by the divorce decree].'" *Id*. at 299, 111 S.Ct. at 1830. Sanderfoot simultaneously received both the property and the accompanying lien "as if he had purchased an already encumbered estate from a third party." *Id.* at 300, 111 S.Ct. at 1830. Consequently, the Court reasoned that because Mr. Sanderfoot never possessed this new fee simple interest before the lien "fixed," he could not avoid the lien pursuant to § 522(f)(1). *Id,* 111 S.Ct. at 1831.

In addition to being supported by the language of § 522(f)(1), the Court explained that this conclusion was consistent with the legislative history and purpose of § 522(f)(1):

> [t]he legislative history suggests that Congress primarily intended § 522(f)(1) as a device to thwart creditors who, sensing an impending bankruptcy, rush to court to obtain a judgment to defeat the debtor's exemptions. This is not what occurs in a divorce proceeding such as this. Farrey obtained the lien not to defeat Sanderfoot's pre-existing interest in the homestead but to protect her own pre-existing interest in the homestead that was fully equal to that of her spouse. The divorce court awarded the lien to secure an obligation the court imposed on the husband in exchange for the court's simultaneous award of the wife's homestead interest to the husband. We agree with Judge Posner that to permit a debtor in these circumstances to use the Code to deprive a spouse of this protection would neither follow the language of the statue nor serve the main goal it was designed to address.

*Sanderfoot*, 500 U.S. at 300-01, 111 S.Ct. at 1831.

In the instant case, the Circuit Court's August 16, 2019 judgment awarded the Debtor the marital residence and equally divided the equity in the property between the parties. It also created a lien in favor of the Defendant against the marital residence in order to secure payment of the equity award. While the Defendant clearly holds a judgment lien, this court must look at Illinois state law in order to determine whether the Debtor ever possessed an interest to which the Defendant's lien fixed, before it fixed.

Pursuant to Section 5/503(e) of the Illinois Marriage and Dissolution of Marriage Act, each spouse has a "species of common ownership" that vests when either spouse files for divorce.[4] This interest transforms into a full ownership interest of any property the divorce court distributes to a spouse upon entry of an order of distribution or a final judgment. *In re Posner,* 610 B.R. 586, 590 (Bankr. N.D. Ill. 2019); *In re Dzielak*, 435 B.R. 538, 547 (Bankr. N.D. Ill. 2010). *See also* 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE, ¶ 2.01[5] (2019) ("It is generally acknowledged that once the divorce decree becomes final the property interests awarded are vested pursuant to the decree.").

Applying *Sanderfoot* and § 5/503(e) to the case at bar, a species of common ownership in the parties' marital property was created pursuant to § 5/503(e) when the divorce petition was filed on September 12, 2016. This common ownership interest remained until the entry of the August 16, 2019 judgment establishing the parties' property interests—the same judgment which simultaneously created the judicial lien securing the Defendant's equity award. Like the defendant in *Sanderfoot*, the Debtor in this case took any property interest that he received pursuant to the August 16, 2019 judgment subject to the Defendant's lien. Hence, the Debtor did not possess a pre-existing interest to which the lien could fix, and, therefore, the Defendant's lien is immune to the Debtor's challenge under § 522(f)(1).

---

[4] Section 5/503(e) of the Illinois Marriage and Dissolution of Marriage Act provides:

> (e) Each spouse has a species of common ownership in the marital property which vests at the time dissolution proceedings are commenced and continues only during the pendency of the action. Any such interest in marital property shall not encumber that property so as to restrict its transfer, assignment or conveyance by the title holder unless such title holder is specifically enjoined from making such transfer, assignment, or conveyance.

750 ILCS 5/503(e).

## **CONCLUSION**

      For the reasons set forth above, the Debtor's motion to avoid Defendant's lien DENIED.

A separate order shall enter.

ENTERED: June 21, 2022

                                        /s/ Laura K. Grandy
                                  UNITED STATES BANKRUPTCY JUDGE